UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

WEI WANG,
                    Appellant,

            v.

DEPARTMENT OF LABOR,
                    Agency.

DOCKET NUMBER
DC-315H-20-0753-I-1

DATE:  November 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wei Wang, Arlington, Virginia, pro se.

Matthew Babington, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective January 5, 2020, the agency appointed the appellant to the career-conditional position of Economist in the competitive service, subject to a 1-year probationary period.  Petition for Review (PFR) File, Tab 1 at 6.  On May 5, 2020, the agency issued to the appellant a notice of proposed termination, having determined that her continued employment posed an "unacceptable risk for both the security and confidentiality" of the agency's data and reputation.  *Id*. at 6-7.  The proposal notice stated that the agency had been informed that the appellant was under criminal investigation by the Federal Bureau of Investigation (FBI) concerning an alleged incident at her previous employer.  *Id*. at 6.  The notice informed the appellant that she could reply to the proposed action in writing.  *Id*.  The appellant confirmed her receipt of the proposal notice and submitted three written replies via electronic mail.  Initial Appeal File (IAF), Tab 1 at 8.  Less than 1 year after the appellant's initial appointment, effective May 23, 2020, the agency terminated her appointment.  *Id*.  The decision memorandum stated that, despite the appellant's written explanations regarding the incident with the appellant's private sector employer, the agency had lost trust

in the appellant's "ability to adhere to the security and confidentiality policies for [agency] data." *Id*.

¶3        The appellant filed an appeal and requested a hearing. *Id*. at 2. She stated that she had 4 months of Federal service and checked the box indicating that she was challenging her "[t]ermination during probationary or initial service period." *Id*. at 1, 4. The appellant asserted that the "termination decision was made based on [her] mistake [during] previous work" and that, since she started working for the agency, she had strictly complied with the policies without a "single mistake ever." *Id*. at 6. The appellant argued that the agency should provide her with the opportunity to continue her employment. *Id*. The only documentary evidence that the appellant submitted with her appeal was the termination decision memorandum. *Id*. at 8-10.

¶4        The administrative judge issued an order to show cause informing the appellant that the Board may not have jurisdiction over her appeal and apprised her of the regulatory right to appeal for probationers in the competitive service and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. IAF, Tab 3 at 2-5. In particular, the administrative judge noted that it appeared from the initial appeal that the appellant may be claiming that she was terminated based on pre-appointment reasons, and the administrative judge informed the appellant of the procedural requirements of 5 C.F.R. § 315.805. *Id*. at 3. The administrative judge also informed the appellant that she had the burden of proof on the issue of timeliness, and it appeared that her appeal was untimely filed by 27 days. *Id*. at 5-6. She ordered the appellant to file evidence and argument that her appeal was timely filed or that good cause existed for the delay. *Id*. at 6-8. Finally, the administrative judge explicitly informed the appellant that if she did not timely respond to the order to show cause, the appeal would be dismissed for lack of jurisdiction or untimeliness based on the existing record. *Id*. at 8. The appellant

did not file a response to the order to show cause. The agency did not file any pleading during the pendency of the appeal.

¶5 Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal because the appellant failed to make a nonfrivolous allegation that the Board had jurisdiction over her appeal. IAF, Tab 5, Initial Decision (ID) at 1 n.1. The administrative judge found that the appellant failed to establish that she was an "employee" with chapter 75 appeal rights because she provided no evidence or argument that she had completed her probationary period or had 1 year of current continuous service at the time of her termination. ID at 5. The administrative judge found that the record suggested that the appellant was terminated during her probationary period for a pre-appointment reason, but that the appellant had not made a nonfrivolous allegation that the agency had failed to follow the procedural requirements set forth at 5 C.F.R. § 315.805 and in fact the information that she submitted suggested that the agency provided the requisite notice, opportunity to respond, and decision. ID at 5-6. Finally, the administrative judge found that the appellant had not alleged that she was terminated due to marital status or partisan political reasons. ID at 6. The administrative judge did not make any findings on the issue of the timeliness of the initial appeal.

¶6 The appellant has filed a petition for review, primarily addressing her delay in filing the initial appeal and failure to respond to the order to show cause. PFR File, Tab 1 at 4-5. The agency has filed a response arguing that the appellant has provided no basis for granting her petition for review, has not addressed the administrative judge's jurisdictional findings, and has not provided good cause for her failure to respond to the order to show cause. PFR File, Tab 3 at 5-8. The appellant has filed a response arguing for the first time on review that the agency's "procedural defects" prevented her from "understanding her right to appeal on the appropriate grounds and pursuing her rights in a timely manner." PFR File, Tab 4 at 4. She alleges that the agency failed to provide to her

information regarding an appeal regarding conditions arising prior to her appointment and that the agency had not responded to her inquiries after her termination "asking about the feasibility of appeal and MSPB jurisdiction of her specific case." *Id*. The appellant repeats her contentions that she failed to respond to the administrative judge's order due to technological difficulties and confusion regarding the Board's e-Appeal system.[2] *Id*. at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant has the burden of establishing that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, such as the appellant, this means that she either must not be serving a probationary or trial period under an initial appointment, or have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A)(i), (ii). A probationary

_____

[2] Following the close of the record on review, the appellant filed a request to submit an additional pleading. PFR File, Tab 6. The Board's regulations provide that the pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). In order to obtain leave to submit a pleading other than the ones described in 5 C.F.R § 1201.114(a), a party must file a motion describing the nature of and need for the pleading. 5 C.F.R. § 1201.114(a)(5). In addition, if a party wishes to submit additional evidence and argument after the close of the record, the party must show that the evidence and argument was not readily available before the record closed. 5 C.F.R. § 1201.114(k). Here, the appellant states in general terms that an additional pleading "will provide more to support [her] case," PFR File, Tab 6 at 3, but she has not explained what evidence and argument that pleading might contain, or why that evidence and argument was not readily available before the close of the record. Accordingly, we deny her request.

employee in the competitive service has a limited regulatory right of appeal. *See* 5 C.F.R. § 315.806. If such a person is terminated for reasons that arose after her appointment, she may appeal to the Board only if she raises a nonfrivolous claim that her termination was based on partisan political reasons or marital status. 5 C.F.R. § 315.806(b).

¶8        Under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before her appointment may appeal her termination to the Board on the ground that it was not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). Those procedural requirements include advance notice of the termination, an opportunity to respond, and consideration of the response. *Id.*, ¶ 13; 5 C.F.R. § 315.805(a)-(c). In a probationary termination appeal arising under section 315.806(c), the only issue before the Board is whether the agency's failure to follow the procedures set forth in section 315.805 was harmful error, and the Board does not address the merits of the agency's termination. *LeMaster*, 123 M.S.P.R. 453, ¶ 7.

¶9        An appellant is entitled to a jurisdictional hearing if she presents nonfrivolous allegations[3] of Board jurisdiction. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Id.*

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶10    On petition for review, the appellant does not challenge the administrative judge's finding that she failed to make a nonfrivolous allegation that she was an "employee" in the competitive service for purposes of 5 U.S.C. chapter 75 appeal rights. ID at 5; PFR File, Tab 1 at 4-5, Tab 4 at 4-6. Rather, she seemingly raises an allegation for the first time on review that the agency failed to follow the procedural requirements set forth in 5 C.F.R. § 315.805 regarding her termination during a probationary period due to conditions arising before her appointment. PFR File, Tab 4 at 4. She also submits new evidence on review, the notice of proposed termination. PFR File, Tab 1 at 6-7.

¶11    Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016); *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider a new argument raised for the first time on review absent a showing that it is based on new and material evidence). However, we have considered the appellant's new evidence and argument to the extent it concerns the issue of the Board's jurisdiction because the Board's jurisdiction can be raised at any time including on review. *See Pirkkala*, 123 M.S.P.R. 288, ¶ 5 (considering evidence submitted for the first time on review because it was relevant to the Board's jurisdiction).

¶12    Even considering the appellant's evidence providing additional information regarding her appointment and termination, we find no basis to find that she was an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights. The appellant has not alleged that she was not serving a probationary period at the time of her termination or that she had completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less, and thus has not made a nonfrivolous allegation that she meets the statutory definition of an employee in the competitive service. IAF, Tab 1 at 1, 4, 6; PFR File, Tab 1

at 4-5, Tab 4 at 4-6; *see* 5 U.S.C. § 7511(a)(1)(A)(i), (ii). We also find that the appellant has not made a nonfrivolous allegation that there was a regulatory basis for her appeal under the provisions set forth in 5 C.F.R. part 315, subpart H. The administrative judge correctly found that the appellant has not alleged that her termination was based on partisan political reasons or marital status discrimination. ID at 6; *see* 5 C.F.R. § 315.806(b). Moreover, the appellant's new argument on review alleging that the agency's "procedural defects" prevented her from "understanding her right to appeal on the appropriate grounds and pursu[e] her rights in a timely manner" does not provide a basis for jurisdiction over her probationary appeal due to conditions arising prior to her appointment pursuant to 5 C.F.R. § 315.806(c). PFR File, Tab 4 at 4. She has not alleged that the agency failed to provide to her the requisite notice of her proposed termination and an opportunity to respond, and instead argues that the agency failed to respond to her post-termination inquiries regarding her Board appeal. *Id.*; *see* 5 C.F.R. § 315.805. In any event, the agency's decision memorandum clearly informed the appellant that she could file a Board appeal if she believed that the agency had "not followed the proper procedures for terminating a probationary employee." IAF, Tab 1 at 9.

¶13 Regardless of any technological or other difficulties the appellant alleges affected her ability to timely file her appeal and respond to the administrative judge's orders, PFR File, Tab 1 at 4, Tab 4 at 5, she has failed to raise nonfrivolous allegations of Board jurisdiction and is not entitled to a jurisdictional hearing, *see Ferdon*, 60 M.S.P.R. at 329. Therefore, the administrative judge appropriately did not reach the issue of timeliness, and we do not address the appellant's new arguments regarding this issue on appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


Jennifer Everling

FOR THE BOARD:           _____
                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.